UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SLATER AND ZEIEN, LLP                    CIVIL ACTION

VERSUS                                   NO: 07-9161

OCEAN TECHNICAL SERVICES,                SECTION: "J" (2)
INC.

**ORDER AND REASONS**

Before the Court is the plaintiff's **Motion for Summary Judgment (Rec. Doc. 29)**. This motion, which is opposed, was set for hearing on an expedited basis on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that plaintiff's motion should be granted.

**Background Facts**

This is a suit filed by Slater & Zeien, LLP ("S&Z"), a Washington, D.C. law firm, to recovery attorney fees for work completed for the defendant, Ocean Technical Services, Inc. ("Ocean Technical"). Ocean Technical is a Louisiana ship building company. Ocean Technical submitted a bid in March 2003

for a multi-million dollar U.S. Coast Guard contract to build certain vessels.  Ocean Technical was eliminated from the bidding competition in November 2005 and subsequently initiated a bid protest to the Government Accountability Office ("GAO").  In total, Ocean Technical was involved in two protests of this bidding process and retained S&Z in addition to local counsel, Kinney & Ellinghausen ("K&E"), to assist with both protests.  The relationship between Ocean Technical and S&Z was memorialized in an engagement letter dated January 6, 2006.  This letter included a specified per hour billing rate for Marcus Slater and Jennifer Zeien, the two lawyers at the plaintiff law firm who worked on the Ocean Technical matter.  The terms of this letter were not changed at any point during the relationship.

The first protest was filed with the GAO by local counsel, K&E, on December 22, 2005.  Subsequently, S&Z, which has experience and expertise with government bid protests and administrative issues, was hired.  Following an adverse ruling by the GAO on February 21, 2006, and based on advise from S&Z, the GAO appeal was withdrawn and refiled in the Court of Federal Claims.  Ocean Technical's claim was consolidated with a second protest from Textron, Inc.  Briefing and oral argument were held on a motion for preliminary injunction with S&Z filing on behalf of Ocean Technical.  The Court of Federal Claims expressed concerns with the bidding process, which led the Coast Guard to

reopen the bidding competition to Ocean Technical.  As a result, the suit was dismissed without prejudice.  Up to this point in the representation S&Z had invoiced Ocean Technical for $114,435.18 for legal services.  This amount was paid in full by Ocean Technical at that time.

After the bidding process was reopened, Ocean Technical resubmitted their bid and again was not selected.  In July 2006, Ocean Technical, along with S&Z and local counsel, attended a debriefing with the Coast Guard.  Following that meeting, S&Z advised Ocean Technical not to pursue another protest.  However, Ocean Technical directed S&Z to file a second protest with the GAO.  This second protest was dismissed based on the bid protest rules because another bidder, Textron, Inc., had filed directly in the Court of Federal Claims.  Ocean Technical then directed S&Z to file in the Court of Federal Claims.  That claim was filed on July 17, 2006 and was subsequently consolidated with the preexisting Textron claim.  Numerous  motions and briefs were filed related to this second claim.  The Court of Federal Claims ultimately denied a motion for permanent injunction.  During the pendency of the second claim, S&Z invoiced Ocean Technical for another $45,465.22 for legal fees.  This amount was paid by Ocean Technical in September 2006.

Following the denial of the permanent injunction on the merits, Ocean Technical continued to pursue the claim.  They

instructed S&Z to file a motion for reconsideration. That motion was denied. Ocean Technical requested that S&Z file an appeal to the United States Court of Appeals for the Federal Circuit with S&Z serving as pro bono lead counsel until local counsel, K&E, could be admitted to that court and be substituted as lead counsel. Before briefing was due, the appeal was withdrawn by Ocean Technical. S&Z agreed not to bill Ocean Technical for $8,294.00 of work completed in connection with the appeal because of Ocean Technical's stated financial problems. Although Ocean Technical has paid $159,900 of invoiced legal fees, $184,795.97 remains unpaid according to S&Z. The unpaid invoices are dated: September 14, October 12, November 2, and December 5, 2006.

This suit was filed by the plaintiff in this Court on November 27, 2007. At the beginning of the discovery period the plaintiff moved for summary judgment on all of its claims. See Rec. Doc. 7. The defendant argued at the time that summary judgment should not be granted before the parties have the opportunity to conduct discovery so that the motion could be better defended on the merits. See Rec. Doc. 8. The Court denied that first motion without prejudice so that the plaintiff could refile the motion, if it so chose, at the conclusion of discovery. See Rec. Doc. 18. The discovery period in this case ended on December 22, 2008. Thereafter the plaintiff refiled this motion for summary judgment, which is now before the Court

4

for a determination on the merits.

## The Parties' Arguments

Plaintiff has filed this motion arguing that there are no material issues of fact in this case that preclude summary judgment in their favor for the $184,795.97 of outstanding legal fees that they contend they are owed. S&Z argues that under Louisiana law, unpaid legal fees are considered "open accounts." They assert that they can make out a prima facie case on an open account because the record of the account was kept in the ordinary course of business and they can provide testimony to support its accuracy. Having made a prima facie case, S&Z argues that the burden shifts to Ocean Technical to prove that the account is inaccurate or to prove that Ocean Technical is entitled to certain credits against the account that reduce the amount owed. S&Z submits that Ocean Technical can make no argument that the account is inaccurate or that they are entitled to any credits. S&Z and Ocean Technical entered into an agreement regarding the hourly rate for each of the attorneys working on the matter. S&Z contends that when examined in the context of the type of claims S&Z pursued on behalf of Ocean Technical there was nothing unreasonable or inappropriate about the amounts invoiced to Ocean Technical. Further, S&Z argues that the bills that are unpaid are identical to other bills that

were previously paid by Ocean Technical and Ocean Technical has never raised any issue about S&Z's billing until this suit was filed.  Lastly, S&Z argues that they are entitled to attorneys' fees under the applicable Louisiana statute and interest at the statutory legal rate.

Ocean Technical has filed a memorandum in opposition to this motion.  This short memorandum incorporates by reference the arguments made by Ocean Technical in opposition to the earlier motion for summary judgment.  In its earlier memorandum Ocean Technical argued that there were genuine issues of material fact and that the motion was premature because no discovery had yet taken place.  Specifically, Ocean Technical argued that there were material issues regarding whether S&Z's hourly fee was reasonable and whether the number of hours billed was excessive for the work that was performed.  Second, Ocean Technical argued that the motion was premature because it had not had time to complete any discovery which might allow it to more adequately defend the motion.  In this new opposition to the present motion for summary judgment, Ocean Technical asserts that there is a material issue as to whether S&Z's legal fees were excessive and contends that this is a factually issue that is not proper for summary judgment.  Ocean Technical also argues that there is a mathematical error in S&Z's September 14, 2006 invoice.  The total hours billed for Marcus Slater is listed as 80.9 on that

invoice, but the sum of the individual time entries on the invoice is 75.4 hours.

## Discussion

A. Legal Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See id.

7

at 325; Little v. Liquid Air Corp., 37 F.3d 1069, 1975 (5th Cir. 1996).

B. The Open Account

S&Z has brought this action against Ocean Technical to recover unpaid legal fees on an "open account." Under Louisiana Revised Statute 9:2781(D), unpaid legal fees constitute an open account. Louisiana courts have established that to prove a case on an open account a plaintiff must provide a record showing that the account was kept in the ordinary course of business and provide testimony to support the accuracy of the account. Deutsch, Kerrigan & Stiles v. Fagan, 665 So. 2d 1316, 1320 (La. App. 1 Cir. 1995), writ denied, 669 So. 2d 418 (La. 1996). If the plaintiff is able to comply with these evidentiary requirements, then the plaintiff has established a prima facie case on the open account. Id. Once a prima facie case is established, the burden shifts to the defendant-debtor to prove that the account is either inaccurate or that the defendant-debtor is entitled to credits that reduce the amount owed on the account. Id. The amount owed on an open account is a question of fact. Id. (citing Jacobs Chiropractic Clinic v. Holloway, 589 So. 2d 31, 34 (La. App. 1 Cir. 1991)).

In the Deutsch case, the plaintiff law firm sought to recover fees for representation of the defendant-debtor in

several different legal matters.  The law firm presented invoices and detailed billing statements to establish the record of the open account kept in the ordinary course of business in connection with representation of the defendant-debtor in a criminal case.  <u>Id.</u>  A lawyer from the plaintiff law firm testified at trial as to the accuracy of the open accounts.  <u>Id.</u>  The defendant-debtor provided no specific evidence that the account was inaccurate or that they deserved any credit towards the account.  <u>Id.</u>  After this evidence was presented at trial, the trial court awarded the amount of the open account to the plaintiff law firm.  <u>Id.</u>  The Louisiana Court of Appeals for the First Circuit affirmed the award.  <u>Id.</u>

In support of its motion for summary judgment, S&Z has provided the invoices that it claims have gone unpaid by Ocean Technical.  These invoices include a breakdown of the hours billed by each timekeeper and a description of the activities that account for that time.  Additionally, S&Z has provided a sworn affidavit from Jennifer Zeien, a partner with the plaintiff law firm, who states that she was responsible for preparing the Ocean Technical invoices, that the account records were kept in the ordinary course of business, and that charges that were billed to Ocean Technical accurately reflect work that was completed.  Plaintiff has also provided an affidavit from Marcus Slater, the senior partner at the plaintiff law firm, which

explains S&Z's representation of Ocean Technical.  In total, the invoices and affidavits provided by the plaintiff comport with the requirements of Louisiana law, discussed above, to create a prima facie case in favor of the plaintiff.

Since S&Z can establish a prima facie case for recovery of the open account, the burden shifts to the defendant to prove either that the account claimed is inaccurate or that there are credits that must be offset against the balance of the account. In support of its position, Ocean Technical argues that there are material issues of fact regarding the accuracy of the open account.  The defendant asserts that the hourly fees charged by S&Z's attorneys were unreasonable.  Specifically, Ocean Technical argues that S&Z's legal fees were unreasonable in comparison to the fees charged by Ocean Technical's local counsel.  Ocean Technical further argues that there is an issue of material fact regarding the number of hours billed by S&Z.  Ocean Technical believes that the number of hours billed by S&Z was excessive in relation to the hours billed by K&E.  Based on its own analysis, Ocean Technical believes that it was overbilled.  This analysis is disputed by the plaintiff.  Additionally, Ocean Technical identifies a mathematical error in one of S&Z's invoices.  Ocean Technical's original opposition to the first motion for summary judgment also argued for denial of the motion because discovery had not been completed.  This argument is no longer applicable

since the present motion for summary judgment was filed after the end of the discovery period.

Ocean Technical first argues that the hourly fees charged by S&Z for the two attorneys working on the bid protest matters were excessive. The fees charged were $350.00 per hour for senior partner Marcus Slater and $290.00 per hour for partner Jennifer Zeien. These are the only S&Z attorneys who worked on the Ocean Technical matter. Ocean Technical contends that these billing rates for the S&Z attorneys in Washington, D.C. were excessive because they were more than the rates billed by Ocean Technical's local counsel in Louisiana. However, the rates charged by S&Z are precisely the rates that were stated in the engagement letter dated January 6, 2006 that outlined the relationship between Ocean Technical and S&Z. See Ex. A4, Rec. D. 29. Furthermore, Ocean Technical did not protest these hourly rates prior to this suit and in fact paid numerous invoices totaling $159,900 for services at these precise billing rates. Lastly, the defendant does nothing more in his new opposition than state that the rates are excessive. See Rec. Doc. 32. In the earlier opposition, Ocean Technical raised the same argument and explained how further discovery would allow them to provide evidence to support the claim that the fees charged were excessive. See Rec. Doc. 8. The discovery period has now ended, but the defendant has provided no evidence to support the claim that the billing rates

that were agreed upon at the initiation of the relationship with S&Z are now or were ever excessive.

Ocean Technical has also argued, though only in their original opposition, that the number of hours billed by S&Z was excessive. This argument was made at the time of the original motion for summary judgment in support of Ocean Technical's position that the motion was premature. In the original opposition memorandum Ocean Technical does not point to any evidence that suggests that the hours billed by S&Z were excessive, but instead identifies the reasons why additional time is needed for discovery so that Ocean Technical can confirm its suspicion that the S&Z attorneys billed too much time on the Ocean Technical matter. Ocean Technical specifically stated in that earlier memorandum that during the discovery period they intended to compare S&Z's bills with local counsel K&E's bills and that they would need to depose S&Z attorneys and staff and subpoena other S&Z bills for the time period so that they could determine whether there was evidence that S&Z overbilled Ocean Technical. See Rec. Doc. 8. However, in their new opposition, filed after the period for discovery ended, Ocean Technical has not provided any evidence to support the overbilling claim, and in fact does not even discuss this claim. See Rec. Doc. 32. As a result, Ocean Technical has not pointed to any evidence to

support the argument that it was overbilled by S&Z and cannot establish an issue of material fact on this basis.

Lastly, Ocean Technical asserts that there is a miscalculation in the September 14, 2006 invoice that resulted in Ocean Technical being incorrectly billed an additional 5.5 hours for work by Marcus Slater. The invoice dated September 14, 2006 lists Mr. Slater's total hours for services rendered in August 2006 at 80.9 hours. Ocean Technical argues that the sum of the individual time entries on that invoice for Mr. Slater totals only 75.4 hours. A review of the invoice shows that Ocean Technical correctly identifies a mathematical error in the addition of the hours worked by Mr. Slater. The invoice identifies time entries for Mr. Slater totaling only 75.4 hours, not 80.9 hours. The 5.5 additional hours incorrectly billed totals $1,925.

As discussed above, the plaintiff has met its burden under Louisiana law to prove a prima facie case on the open account for the amounts it is owed for outstanding invoices for legal services. The defendant thus has the burden to prove either that the account claimed is inaccurate or that it is entitled to credits that must be offset against the balance of the account. Ocean Technical cannot prove that the accounts are inaccurate or that it is entitled to credits that offset the amount owed. The defendant has asserted that the hourly fees charged by the

13

plaintiff were excessive and that it was overbilled for the services provided. However, Ocean Technical provides nothing more than its bald assertions that these issues prevent summary judgment. In its original opposition to the first motion for summary judgment Ocean Technical raised these issues and described how discovery would permit them to collect evidence to support these claims. The time for discovery has now passed and Ocean Technical presents no evidence whatsoever to support of its arguments. However, Ocean Technical has correctly identified a mathematical error in the September 14, 2006 invoice and that the total owed on this invoice should be reduced by $1,925.00.

C. <u>Attorney Fees and Interest</u>

S&Z argues that in addition to recovering the amount due on the open account they are entitled to attorney fees for recovery of the open account and interest on the amount due. Ocean Technical has not provided any opposition to these arguments.

Louisiana Revised Statute 9:2781(A) provides that "[w]hen any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant." S&Z sent Ocean Technical a letter on

14

October 2, 2007 attaching the unpaid invoices and demanding payment for the past due amount of $184,795.97 within thirty days. The amount due on this open account has not been paid within thirty days. As a result, S&Z is entitled to reasonable attorney fees for collection of this claim.

Similarly, S&Z seeks interest on the amount past due from the dates the debts were incurred. Louisiana Civil Code article 2000 provides for the award of interest on an amount due on an open account. See <u>Schulte Bldg. Systems, Inc. v. AA Metalic Bldgs. Manufacturers, LLC</u>, No. 07-209, 2008 WL 941003, at *1 (M.D. La. April 7, 2008); <u>San Francisco Estates, S.A. v. Westfeldt Bros., Inc.</u>, No. 97-1102, 1998 WL 290206, at *5 (E.D. La. June 1, 1998). Louisiana Civil Code article 2000 provides that "[w]hen the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by R.S. 9:3500." There was no agreement between the parties to specify a rate of interest to be assessed on amounts past due. The engagement letter and each invoice provided that the amount in each invoice became past due thirty days after the date of the invoice. As a result, the invoice dated September 14, 2006 became past due on October 14, 2006, the invoice dated October 12, 2006 became past due on November 12,

15

2006, the invoice dated November 2, 2006 became past due on December 2, 2006, and the invoice dated December 5, 2006 became past due on January 5, 2007. Louisiana Revised Statute 13:4202(B) provides that the commissioner of financial institutions shall publish the annual rate of legal interest. The judicial interest rate in Louisiana is 8% for 2006, 9.5% for 2007, 8.5% for 2008, and 5.5% for 2009. S&Z is entitled to collect the judicial rate of interest for each unpaid invoice from the time each invoice became past due. Accordingly,

**IT IS ORDERED** that the plaintiff's **Motion for Summary Judgment (Rec. Doc. 29)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the amount sought by the plaintiff on the open account, $184,795.97, shall be reduced by $1,925.00 to account for the mathematical error identified in the September 14, 2006 invoice.

**IT IS FURTHER ORDERED** that the plaintiff is to submit a motion for reasonable attorney fees and costs that are to be taxed to the defendant. Said motion shall be filed within twenty days of this Order. Any opposition thereto shall be filed within ten days thereafter.

New Orleans, Louisiana, this 28th day of January, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE